UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE BOGAN, III, | ) | CASE NO. 1:08 CV 1811 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY JAIL | ) | AND ORDER |
| CORPORAL MRS. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Clarence Bogan, III filed this action under 42 U.S.C. §§ 1983, 1986, 1988, 1990, 1991, and 2000 against Cuyahoga County Jail Corporal Mrs. Smith, SRT Officer Mr. Marsh, and SRT Officer Mr. Emerson. In the Complaint, Mr. Bogan alleges that he was denied access to the courts when some of his legal materials were destroyed during a search of his cell. He seeks $3,000,000.00 from each defendant.

**Background**

Mr. Bogan alleges that Mrs. Smith and Officer Emerson removed him from his cell on May 31, 2008 and conducted a cell security search. He claims that during the search, his legal documents were strewn around his cell. He contends some of them were ripped and others ended up in his toilet. He states that Mrs. Smith refused to allow another officer to videotape the scene. He alleges he asked to see a supervisor and was told to "shut up." (Compl. at 2.) Mr. Bogan contends that Officer Emerson promised to exercise every opportunity to conduct these searches.

He indicates that Officer Marsh conducted a similar search a few days later. He alleges that Officer Marsh crumpled legal exhibits. He asserts that these defendants denied him access to the courts.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To state a claim for denial of access to the courts, plaintiff must demonstrate he suffered actual injury as a result of this policy. Lewis v. Casey, 518 U.S. 343, 351 (1996). Furthermore, the injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). Mr. Bogan does not allege that he suffered an actual injury from

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

these incidents. Here, Plaintiff says only that the officials "crumbled up legal exhibits envolved [sic] in pending cases . . . ." There is no allegation that they actually thwarted litigation.

Furthermore, he has also not explicitly pled a claim for First Amendment retaliation and his conclusion, without more, that the officers were harassing him because he won a lawsuit against one of their co-workers is not sufficient to state such a claim. Though this *pro se* plaintiff has not pled facts sufficient to state a cause of action, the court finds, based on the nature of the defects in his pleadings, that his Complaint should be dismissed without prejudice.

Mr. Bogan also asserts causes of action under 42 U.S.C. §§ 1986, 1988, 1990, 1991, and 2000. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986. To establish a violation of § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by plaintiff's race. Section 1988 provides for an award of attorney fees in the event that the plaintiff is successful in his civil rights claim. Mr. Bogan's civil rights claim was dismissed. Section 1990 allows the United States Marshals to effect service, Section 1991 permits payment to be made to a process server, and Section 2000 includes numerous subsections which include among them a cause of action for employment discrimination. None of these has any apparent relevance to this case.

3

### Conclusion

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 21, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.